IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIGHTING SCIENCE GROUP CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 19-805-LPS |
| v. | ) | |
| | ) | |
| ACUITY BRANDS, INC. & ACUITY | ) | JURY TRIAL DEMANDED |
| BRANDS LIGHTING, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S CORRECTED ORIGINAL COMPLAINT

Plaintiff Lighting Science Group Corp. files this Corrected Complaint against Defendants Acuity Brands, Inc. and Acuity Brands Lighting, Inc. for patent infringement under 35 U.S.C. § 271. The corrections include minor substantive and typographical edits and clarifications, and the removal of U.S. Patent No. 8,672,518 as an asserted patent. Plaintiff alleges, based on its own personal knowledge with respect to its own actions and based upon information and belief with respect to all others' actions, as follows:

## INTRODUCTION

1.  For nearly two decades, Lighting Science Group Corporation ("LSG") has been at the forefront of innovation in the light-emitting diode ("LED" or "LEDs") lighting space. LSG was the first U.S.-based manufacturer to make an LED light commercially available. In the ensuing years, LSG proved instrumental to the proliferation of LED lighting across American residences. In May 2010, through a relationship with The Home Depot, LSG released a 40-watt equivalent, 429 lumen LED bulb under The Home Depot's EcoSmart brand for $20. In an article titled, "The Home Depot takes

LED lighting mainstream with $20 bulbs," Engadget celebrated the product for making high-quality LED lighting more economically accessible, noting that LSG's product was "cheaper and nearly as powerful as the 450 lumen, $40-$50 design industry heavyweight GE unveiled" the month before, and concluding, "[h]onestly, we're starting to wonder what the catch is."[1]

2. By 2011, LSG's winning combination of innovation, quality, and accessible pricing had led the company to become the largest North American producer of LED lights, selling 4.5 million LED lights in 2011 alone, and increasing sales by 450-percent over the prior year.[2] That success, in turn, led LSG to become a significant American employer. For three consecutive years, from 2012 to 2014, LSG was named on Deloitte's Technology Fast 500™ as one of the top 500 fastest growing companies in North America.[3]

3. Meanwhile, as LSG continued to advance the field of LED lighting both commercially and technologically, it simultaneously protected and disclosed its innovative intellectual property through hundreds of issued U.S. patents. Those patents, in turn, further advanced the LED lighting space, garnering thousands of citations from later patents filed by LSG's competitors.

4. But in recent years, an explosion of products which infringe LSG's innovative patents has eroded LSG's market position.  Thus, in order to protect its valuable intellectual

---

[1] Sean Hollister, "The Home Depot Takes LED Lighting Mainstream with $20 Bulbs," Engadget (May 11, 2010), https://www.engadget.com/2010/05/11/the-home-depot-takes-led-lighting-mainstream-with-20-bulbs/.
[2] Jasmine Zhuang, "Lighting Science Group Becomes North American Largest LED Lights Producer," LEDinside (Jan. 31, 2012), https://www.ledinside.com/news/2012/1/lighting_science_group_north_american_largest_producer_20120131.
[3] "Lighting Science Group Corporation Ranked in Top 500 Fastest Growing Companies for Third Consecutive Nov. 17, 2014), http://www.pcalp.com/lighting-science-group-corporation-ranked-top-500-fastest-growing-companies-third-consecutive-year-north-america-deloittes-2014-technology-fast-500/Year in North America on Deloitte's 2014 Technology Fast 500™," Pegasus Capital Advisors.

property rights and substantial investments in innovating the LED lighting space,

LSG files this complaint for patent infringement.

5.    This matter is a companion case to an ITC proceeding, captioned *In the Matter of*

*Certain Light-Emitting Diode Products, Systems, and Components Thereof*, filed

concurrently herewith by the same Plaintiff, naming the same Defendants as

respondents.  Plaintiff hereby incorporates by reference the relevant portions of the

Complaint filed in that ITC proceeding as if restated herein.

### THE PARTIES

6.    Lighting Science Group Corp. is a Delaware corporation with its principal place of

business located at 801 N. Atlantic Avenue, Cocoa Beach, FL 32931.

7.    Both directly and through its subsidiaries, LSG is in the business of manufacturing,

researching, developing, and selling devices and systems that use LEDs as the light

source.

8.    Defendant Acuity Brands, Inc. is a publicly traded corporation organized under the

laws of the State of Delaware. It has its principal place of business at 1170 Peachtree

Street N.E., Suite 2300, Atlanta, Georgia 30309.  Acuity Brands, Inc has designated

Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808 as its

agent for service of process.

9.    Defendant Acuity Brands Lighting, Inc. is a privately held corporation organized

under the laws of the State of Delaware.  It has its principal place of business at One

Lithonia Way, Suite 2300, Conyers, Georgia 30012.  Acuity Brands Lighting, Inc. has

designated Corporation Service Company, 251 Little Falls Dr., Wilmington, DE

19808 as its agent for service of process.

10.     On information and belief, Acuity Brands Lighting, Inc. is a subsidiary of Respondent Acuity Brands, Inc. and it, directly or through its affiliates, imports into the United States, sells for importation into the United States, and/or sells after importation into the United States certain Accused Products, including products manufactured or controlled by Acuity Brands, Inc., and/or knowingly induces such activity.

11.     As a result of the above, Acuity Brands, Inc. and Acuity Brands Lighting, Inc. are liable jointly, severally, or in the alternative with respect to the same series of transactions or occurrences, and questions of fact common to both of them will arise in this action, consistent with 35 U.S.C. § 299.

12.     Acuity Brands, Inc. and Acuity Brands Lighting, Inc. are collectively referred to as "Acuity."

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United State, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has personal jurisdiction over Acuity in this action because Acuity has committed acts within this district giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Acuity would not offend traditional notions of fair play and substantial justice.  Acuity, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this district by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.  Both Acuity defendants are residents of this district.

15.    Venue is proper as to Acuity Brands, Inc. and Acuity Brands Lighting, Inc. in this district under 28 U.S.C. § 1400(b).  Defendants Acuity Brands, Inc. and Acuity Brands Lighting, Inc. are organized under the laws of Delaware, and therefore reside in this district.

## COUNT ONE: INFRINGEMENT OF THE '483 PATENT

16.    U.S. Patent No. 7,098,483 ("the '483 Patent"), titled "Light Emitting Diodes Packaged for High Temperature Operation," was issued on August 29, 2006, naming Joseph Mazzochette and Greg Blonder as the inventors. Ex. 1 ('483 Patent).

17.    LSG owns by assignment all rights, title, and interest in the '483 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

18.    On information and belief, Acuity imports, sells for importation, and/or sells after importation into the United States certain Accused Products ("Acuity Accused Products") that infringe the '483 Patent, sold under the Lithonia Lighting brand name that infringe the '483 Patent.

19.    The Acuity Accused Products directly infringe, literally and/or under the doctrine of equivalents, at least claim 11 and 14-16 of the '483 Patent, in violation of 35 U.S.C. § 271(a).  Acuity directly infringes at least these claims by importing, selling for importation, and/or selling after importation into the United States the Acuity Accused Products. The Acuity Accused Products satisfy all claim limitations of at least claims 11 and 14–16 of the '483 Patent at the time of importation into the United States.

20.     Moreover, on information and belief, one or more of the Defendants knowingly and
intentionally induces infringement of the '483 Patent in violation of 35 U.S.C. §
271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity
Accused Products into the United States (that is, by actively encouraging others to
directly infringe).  On information and belief, with knowledge and intent, or with
willful blindness, one or more of the Defendants is encouraging and facilitating
infringement by others.  For example, on information and belief, one or more of the
Defendants sells the Acuity Accused Products or otherwise provides the Acuity
Accused Products to another Defendant or to distributors knowing that these
distributors intend to import and/or sell the Acuity Accused Products in the United
States.  On information and belief, as of the filing of this Complaint or earlier, the
Defendants have had knowledge of, or have been willfully blind toward, the Asserted
Patents and the infringement of the Asserted Patents by making, using, selling,
offering to sell, and/or importing the Acuity Accused Products.

21.     A claim chart comparing claims 11 and 14-16 of the '483 Patent to a representative
Acuity Accused Product, the Lithonia Lighting D-Series LED Area Luminaire (DSX2
LED P6 40K T5M 480 SPA PER7 PIRH DNAXD), was filed as Exhibit 2 to
Plaintiff's Original Complaint (D.I. 2), and is incorporated herein by reference.

22.     Additionally, on information and belief, including based on teardown analyses and
imaging, at least the following additional products constitute Acuity Accused
Products that infringe the '483 Patent for the reasons set forth above:

- Lithonia Lighting LED Wall Mount Area Light (OLAW23 53K 120 PE BZ M2)

## COUNT TWO: INFRINGEMENT OF THE '053 PATENT

23.  U.S. Patent No. 7,095,053 ("the '053 Patent"), titled "Light Emitting Diodes Packaged for High Temperature Operation," issued on August 22, 2006, naming Joseph Mazzochette and Greg Blonder as the inventors. Ex. 3 ('053 Patent).

24.  LSG owns by assignment all rights, title, and interest in the '053 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

25.  On information and belief, Acuity imports, sells for importation, and/or sells after importation into the United States certain Accused Products ("Acuity Accused Products") that infringe the '053 Patent, including products sold as the Lithonia Lighting D-Series LED Area Luminaire (DSX2 LED P6 40K T5M 480 SPA PER7 PIRH DNAXD).

26.  The Acuity Accused Products directly infringe, literally and/or under the doctrine of equivalents, at least claims 1-2, 4-5, 7, 11-12, 14, 16-17, 19-20, 22, 26-27, and 29 of the '053 Patent, in violation of 35 U.S.C. § 271(a).  Acuity directly infringes at least these claims by importing, selling for importation, and/or selling after importation into the United States the Acuity Accused Products. The Acuity Accused Products satisfy all claim limitations of at least claims 1-2, 4-5, 7, 11-12, 14, 16-17, 19-20, 22, 26-27, and 29  of the '053 Patent at the time of importation into the United States.

27.  Moreover, on information and belief, one or more of the Defendants knowingly and intentionally induces infringement of the '053 Patent in violation of 35 U.S.C. § 271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity Accused Products into the United States (that is, by actively encouraging others to

directly infringe).  On information and belief, with knowledge and intent, or with willful blindness, one or more of the Defendants is encouraging and facilitating infringement by others.  For example, on information and belief, one or more of the Defendants sells the Acuity Accused Products or otherwise provides the Acuity Accused Products to another Defendant or to distributors knowing that these distributors intend to import and/or sell the Acuity Accused Products in the United States.  On information and belief, as of the filing of this Complaint or earlier, the Defendants have had knowledge of, or have been willfully blind toward, the Asserted Patents and the infringement of the Asserted Patents by making, using, selling, offering to sell, and/or importing the Acuity Accused Products.

28.     A claim chart comparing claims 1-2, 4-5, 7, 11-12, 14, 16-17, 19-20, 22, 26-27, and 29  of the '053 Patent to a representative Acuity Accused Product, the Lithonia Lighting D-Series LED Area Luminaire (DSX2 LED P6 40K T5M 480 SPA PER7 PIRH DNAXD),[4] was filed as Exhibit 4 to Plaintiff's Original Complaint (D.I. 2), and is incorporated herein by reference.

29.     Additionally, on information and belief, including based on teardown analyses and imaging, at least the following additional products constitute Acuity Accused Products that infringe the '053 Patent for the reasons set forth above:

- Lithonia Lighting LED Wall Mount Area Light (OLAW23 53K 120 PE BZ M2)

---

[4] Upon information and belief, this product was manufactured by or for Acuity.

## COUNT THREE: INFRINGEMENT OF THE '421 PATENT

30.    U.S. Patent No. 7,528,421 ("the '421 Patent"), titled "Surface Mountable Light

Emitting Diode Assemblies Packaged for High Temperature Operation," issued on

May 5, 2009, naming Joseph Mazzochette as the inventor. Ex. 5 ('421 Patent).

31.    LSG owns by assignment all rights, title, and interest in the '421 Patent, and holds all

substantial rights pertinent to this suit, including the right to sue and recover for all

past, current, and future infringement.

32.    On information and belief, Acuity imports, sells for importation, and/or sells after

importation into the United States certain Accused Products ("Acuity Accused

Products") that infringe the '421 Patent, including products sold as the Lithonia

Lighting Versi Lite™ LED Flush Mount (FMML 7 830 M6).

33.    The Acuity Accused Products directly infringe, literally and/or under the doctrine of

equivalents, at least claims 1-2, 6, and 10 of the '421 Patent, in violation of 35 U.S.C.

§ 271(a).  Acuity directly infringes at least these claims by importing, selling for

importation, and/or selling after importation into the United States the Acuity

Accused Products. The Acuity Accused Products satisfy all claim limitations of

claims 1-2, 6, and 10 of the '421 Patent at the time of importation into the United

States.

34.    Moreover, on information and belief, one or more of the Defendants knowingly and

intentionally induces infringement of the '421 Patent in violation of 35 U.S.C. §

271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity

Accused Products into the United States (that is, by actively encouraging others to

directly infringe).  On information and belief, with knowledge and intent, or with

willful blindness, one or more of the Defendants is encouraging and facilitating

infringement by others.  For example, on information and belief, one or more of the

Defendants sells the Acuity Accused Products or otherwise provides the Acuity

Accused Products to another Defendant or to distributors knowing that these

distributors intend to import and/or sell the Acuity Accused Products in the United

States.  On information and belief, as of the filing of this Complaint or earlier, the

Defendants have had knowledge of, or have been willfully blind toward, the Asserted

Patents and the infringement of the Asserted Patents by making, using, selling,

offering to sell, and/or importing the Acuity Accused Products.

35.    A claim chart comparing claims 1-2, 6, and 10 of the '421 Patent to a representative

Acuity Accused Product, the Lithonia Lighting Versi Lite™ LED Flush Mount

(FMML 7 830 M6),[5] was filed as Exhibit 6 to Plaintiff's Original Complaint (D.I. 2),

and is incorporated herein by reference.

36.    Additionally, on information and belief, including based on teardown analyses and

imaging, at least the following additional products constitute Acuity Accused

Products that infringe the '421 Patent for the reasons set forth above:

- Lithonia Lighting 12" Square Flush Mount LED Ceiling Light (FMLSDL 12 14840 M4)
- Lithonia Lighting 14" Round Flush Mount LED Ceiling Light (FMLRDL 14 21840 M4)
- Lithonia Lighting 7" LED Closet Light with Motion Sensor (FMMCL 840 PIR M4)
- Lithonia Lighting 6" White Recessed Ultra-Thin Wafer LED Downlight (WF6 LED 30K MW M6)
- Lithonia Lighting Step Baffle Ceiling Light (LTKSTBF BR20 LED 27K DBL M4)
- Lithonia Lighting Mesh Back Flush-Mount LED Track Lighting Kit (LTKMSBK MR16GU10 LED 1R 27K BN M4)

---

[5] Upon information and belief, this product was manufactured by or for Acuity.

## COUNT FOUR: INFRINGEMENT OF THE '118 PATENT

37.     U.S. Patent No. 8,506,118 ("the '118 Patent"), titled "Light Fixture and Associated LED Board and Monolithic Optic," issued on August 13, 2013, naming Fredric S. Maxik, Zach Gibler, Eric Bretschneider, David Henderson, and Addy Widjaja as the inventors. Ex. 7 ('118 Patent).

38.     LSG owns by assignment all rights, title, and interest in the '118 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

39.     On information and belief, Acuity imports, sells for importation, and/or sells after importation into the United States certain Accused Products ("Acuity Accused Products") that infringe the '118 Patent, including products sold as the Lithonia Lighting D-Series LED Area Luminaire (DSX2 LED P6 40K T5M 480 SPA PER7 PIRH DNAXD).

40.     The Acuity Accused Products directly infringe, literally and/or under the doctrine of equivalents, at least claims 15 and 17-18 of the '118 Patent, in violation of 35 U.S.C. § 271(a).  Acuity directly infringes at least these claims by importing, selling for importation, and/or selling after importation into the United States the Acuity Accused Products. The Acuity Accused Products satisfy all claim limitations of at least claims 15 and 17-18 of the '118 Patent at the time of importation into the United States.

41.     Moreover, on information and belief, one or more of the Defendants knowingly and intentionally induces infringement of the '118 Patent in violation of 35 U.S.C. § 271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity

Accused Products into the United States (that is, by actively encouraging others to directly infringe).  On information and belief, with knowledge and intent, or with willful blindness, one or more of the Defendants is encouraging and facilitating infringement by others.  For example, on information and belief, one or more of the Defendants sells the Acuity Accused Products or otherwise provides the Acuity Accused Products to another Defendant or to distributors knowing that these distributors intend to import and/or sell the Acuity Accused Products in the United States.  On information and belief, as of the filing of this Complaint or earlier, the Defendants have had knowledge of, or have been willfully blind toward, the Asserted Patents and the infringement of the Asserted Patents by making, using, selling, offering to sell, and/or importing the Acuity Accused Products.

42.   A claim chart comparing claims 15 and 17-18 of the '118 Patent to a representative Acuity Accused Product, the Lithonia Lighting D-Series LED Area Luminaire (DSX2 LED P6 40K T5M 480 SPA PER7 PIRH DNAXD),[6] was filed as Exhibit 8 to Plaintiff's Original Complaint (D.I. 2), and is incorporated herein by reference.

## COUNT FIVE: INFRINGEMENT OF THE '608 PATENT

43.   U.S. Patent No. 8,674,608 ("the '608 Patent"), titled "Configurable Environmental Condition Sensing Luminaire, System and Associated Methods," issued on March 18, 2014, naming Eric Holland, Mark P. Boomgaarden, and Eric Thosteson as the inventors. Ex. 9 ('608 Patent) at 1.

---

[6] Upon information and belief, this product was manufactured by or for Acuity.

44.     LSG owns by assignment all rights, title, and interest in the '608 Patent, and holds all

substantial rights pertinent to this suit, including the right to sue and recover for all

past, current, and future infringement.

45.     On information and belief, Acuity imports, sells for importation, and/or sells after

importation into the United States certain Accused Products ("Acuity Accused

Products") that infringe the '608 Patent, including products sold as the Acuity

nLight® AIR System.

46.     The Acuity Accused Products directly infringe, literally and/or under the doctrine of

equivalents, at least claims 1, 2, 6, 12-13, 16, 19-22, 24, 28, and 37 of the '608 Patent,

in violation of 35 U.S.C. § 271(a).  Acuity directly infringes at least these claims by

importing, selling for importation, and/or selling after importation into the United

States the Acuity Accused Products. The Acuity Accused Products satisfy all claim

limitations of at least claims 1, 2, 6, 12-13, 16, 19-22, 24, 28, and 37 of the '608

Patent at the time of importation into the United States.

47.     Moreover, on information and belief, one or more of the Defendants knowingly and

intentionally induces infringement of the '608 Patent in violation of 35 U.S.C. §

271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity

Accused Products into the United States (that is, by actively encouraging others to

directly infringe).  On information and belief, with knowledge and intent, or with

willful blindness, one or more of the Defendants is encouraging and facilitating

infringement by others.  For example, on information and belief, one or more of the

Defendants sells the Acuity Accused Products or otherwise provides the Acuity

Accused Products to another Defendant or to distributors knowing that these

distributors intend to import and/or sell the Acuity Accused Products in the United

States.  On information and belief, as of the filing of this Complaint or earlier, the

Defendants have had knowledge of, or have been willfully blind toward, the Asserted

Patents and the infringement of the Asserted Patents by making, using, selling,

offering to sell, and/or importing the Acuity Accused Products.

48.    A claim chart comparing claims 1, 2, 6, 12-13, 16, 19-22, 24, 28, and 37 of the '608

Patent to a representative Acuity Accused Product, the Acuity nLight® AIR System,[7]

was filed as Exhibit 10 to Plaintiff's Original Complaint (D.I. 2), and is incorporated

herein by reference.

**COUNT SIX: INFRINGEMENT OF THE '968 PATENT**

49.    U.S. Patent No. 8,201,968 ("the '968 Patent"), titled "Low Profile Light," issued on

June 19, 2012, naming Fredric S. Maxik, Raymond A. Reynolds, Addy S. Widjaja,

Mark Penley Boomgaarden, Robert Rafael Soler, and James L. Schellack as the

inventors. Ex. 11 ('968 Patent).

50.    LSG owns by assignment all rights, title, and interest in the '968 Patent, and holds all

substantial rights pertinent to this suit, including the right to sue and recover for all

past, current, and future infringement.

51.    On information and belief, Acuity imports, sells for importation, and/or sells after

importation into the United States certain Accused Products ("Acuity Accused

Products") that infringe the '968 Patent, including products sold as the Lithonia

Lighting Wafer LED Recessed Downlight (WF4 LED 27K MVOLT MW M6).

---

[7] Upon information and belief, this product was manufactured by or for Acuity.

52.     The Acuity Accused Products directly infringe, literally and/or under the doctrine of
equivalents, at least claim 6 of the '968 Patent, in violation of 35 U.S.C. § 271(a).
Acuity directly infringes at least this claim by importing, selling for importation,
and/or selling after importation into the United States the Acuity Accused Products.
The Acuity Accused Products satisfy all claim limitations of at least claim 6 of the
'968 Patent at the time of importation into the United States.

53.     Moreover, on information and belief, one or more of the Defendants knowingly and
intentionally induces infringement of the '968 Patent in violation of 35 U.S.C. §
271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity
Accused Products into the United States (that is, by actively encouraging others to
directly infringe). On information and belief, with knowledge and intent, or with
willful blindness, one or more of the Defendants is encouraging and facilitating
infringement by others. For example, on information and belief, one or more of the
Defendants sells the Acuity Accused Products or otherwise provides the Acuity
Accused Products to another Defendant or to distributors knowing that these
distributors intend to import and/or sell the Acuity Accused Products in the United
States. On information and belief, as of the filing of this Complaint or earlier, the
Defendants have had knowledge of, or have been willfully blind toward, the Asserted
Patents and the infringement of the Asserted Patents by making, using, selling,
offering to sell, and/or importing the Acuity Accused Products.

54.     A claim chart comparing claim 6 of the '968 Patent to a representative Acuity
Accused Product, the Lithonia Lighting Wafer LED Recessed Downlight (WF4 LED

27K MVOLT MW M6),[8] was filed as Exhibit 12 to Plaintiff's Original Complaint (D.I. 2), and is incorporated herein by reference.

## COUNT SEVEN: INFRINGEMENT OF THE '844 PATENT

55.     U.S. Patent No. 8,967,844 ("the '844 Patent"), titled "Low Profile Light and Accessory Kit for the Same," issued on March 3, 2015, naming Mark Penley Boomgaarden, Michael Balestracci, Rick LeClair, Wei Sun, David Henderson, and Shane Sullivan as the inventors. Ex. 13 ('844 Patent).

56.     LSG owns by assignment all rights, title, and interest in the '844 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

57.     On information and belief, Acuity imports, sells for importation, and/or sells after importation into the United States certain Accused Products ("Acuity Accused Products") that infringe the '844 Patent, including products sold as the Lithonia Lighting Wafer LED Recessed Downlight (WF4 LED 30K MW M6).

58.     The Acuity Accused Products directly infringe, literally and/or under the doctrine of equivalents, at least claims 4 and 10 of the '844 Patent, in violation of 35 U.S.C. § 271(a).  Acuity directly infringes at least these claims by importing, selling for importation, and/or selling after importation into the United States the Acuity Accused Products. The Acuity Accused Products satisfy all claim limitations of at least claims 4 and 10 of the '844 Patent at the time of importation into the United States.

---

[8] Upon information and belief, this product was manufactured by or for Acuity.

59.     Moreover, on information and belief, one or more of the Defendants knowingly and
intentionally induces infringement of the '844 Patent in violation of 35 U.S.C. §
271(b) by actively encouraging others to offer to sell, sell, use, and/or import Acuity
Accused Products into the United States (that is, by actively encouraging others to
directly infringe).  On information and belief, with knowledge and intent, or with
willful blindness, one or more of the Defendants is encouraging and facilitating
infringement by others.  For example, on information and belief, one or more of the
Defendants sells the Acuity Accused Products or otherwise provides the Acuity
Accused Products to another Defendant or to distributors knowing that these
distributors intend to import and/or sell the Acuity Accused Products in the United
States.  On information and belief, as of the filing of this Complaint or earlier, the
Defendants have had knowledge of, or have been willfully blind toward, the Asserted
Patents and the infringement of the Asserted Patents by making, using, selling,
offering to sell, and/or importing the Acuity Accused Products.

60.     A claim chart comparing claims 4 and 10 of the '844 Patent to a representative Acuity
Accused Product, the Lithonia Lighting Wafer LED Recessed Downlight (WF4 LED
30K MW M6),[9] was filed as Exhibit 14 to Plaintiff's Original Complaint (D.I. 2), and
is incorporated herein by reference.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Lighting Science Group Corp prays upon this Court for an order

---

[9] Upon information and belief, this product was manufactured by or for Acuity.

granting the following relief:

a.     A judgment in favor of Plaintiff that Acuity has infringed, either literally and/or under the doctrine of equivalents, '483 patent, the '053 patent, the '421 patent, the '118 patent, and the '608 patent, the '968 patent, and the '844 patent;

b.     A permanent injunction prohibiting Acuity from further acts of infringement of the '483 patent, the '053 patent, the '421 patent, the '118 patent, and the '608 patent, the '968 patent, and the '844 patent;

c.     A judgment and order requiring Acuity to pay Plaintiff its damages, costs, expenses, and any enhanced damages to which LSG may be entitled for Acuity's infringement of the '483 patent, the '053 patent, the '421 patent, the '118 patent, the '608 patent, the '968 patent, and the '844 patent; and

d.     A judgment and order requiring Acuity to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Acuity; and

f.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

ASHBY & GEDDES

*Of Counsel:*                                    */s/ Andrew C. Mayo*

Bradley W. Caldwell                          John G. Day (#2403)
John Austin Curry                            Andrew C. Mayo (#5207)
Christopher S. Stewart                       500 Delaware Avenue, 8th Floor
Justin T. Nemunaitis                         P.O. Box 1150
Hamad M. Hamad                               Wilmington, DE 19899
Daniel R. Pearson                            (302) 654-1888
Alexis F. Mosser                             jday@ashbygeddes.com
CALDWELL CASSADY CURRY PC                     amayo@ashbygeddes.com
2101 Cedar Springs Road, Suite 1000
Dallas, TX 75201                             *Attorneys for Plaintiff*
(214) 888-4848                               *Lighting Science Group Corp.*

Kayvan B. Noroozi
Joel P. Stonedale
James A. Milkey
Karly Valenzuela
NOROOZI PC
11601 Wilshire Blvd., Suite 2170
Los Angeles, CA 90025
(310) 975-7074

Dated:  May 17, 2019